1    WO

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

9    John Charles Holmes,                    No. CV-17-03910-PHX-ESW

10              Plaintiff,                    **REPORT AND**
                                             **RECOMMENDATION**
11    v.                                     **AND ORDER**

12    J. Nielson, et al.,

13              Defendants.

**TO THE HON. STEPHEN M. McNAMEE, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is pro se Plaintiff John Charles Holmes' Application for Deferral or Waiver of Court Fees or Costs and Consent to Entry of Judgment (Doc. 3) and a Complaint (Doc. 1). Plaintiff has agreed to Magistrate Judge Jurisdiction (Doc. 9).

## I. DISCUSSION

### A. Application for Deferral or Waiver of Court Fees or Costs and Consent to Entry of Judgment (Doc. 3)

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). In the Application for Deferral or Waiver of Fees or Costs (Doc. 3), Plaintiff has declared under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. Plaintiff presents financial information to support his application. Given Plaintiff's lack of income and the absence of any significant assets, Plaintiff has met his burden of proof. The Court finds the Plaintiff to be indigent, and his Application (Doc. 3) will be granted.

**B. Screening of In Forma Pauperis Complaint (Doc. 1)**

With respect to in forma pauperis proceedings, the Court shall dismiss such action at any time if it determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal –

(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fnt. 7 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints"). The Court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984). A complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

**C. Plaintiff's Complaint (Doc. 1)**

Plaintiff alleges that City of Mesa police officers and the City of Mesa violated Plaintiff's right to be free from the unlawful search and seizure of his vehicle during a traffic stop that occurred on April 21, 2017 in Mesa, AZ. Plaintiff seeks monetary damages, declaratory, and injunctive relief pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution. Plaintiff asserts that he was in possession of a valid driver's license, proof of financial responsibility, and was parked lawfully at the time the Officers conducted their search and seizure. He further asserts that the search and seizure of his vehicle was unnecessary, despite the expiration of his vehicle registration. Plaintiff claims damages as a direct result of the search and seizure.

To prevail in a 42 U.S.C. § 1983 claim, a plaintiff must show that (1) acts by the defendant (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976).

Determining whether an entity is subject to suit under § 1983 is the "same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). For a court to answer this question in the affirmative, a plaintiff must show that two requirements are met: (1) the deprivation to the plaintiff by the entity "must result from a governmental policy," and (2) "the party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." *Id.* Municipalities and other local governmental entities may be

sued under 42 U.S.C. § 1983 for the acts of their officials only if a plaintiff can prove that the constitutional deprivation was the result of a custom or policy of the governmental entity. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-691 (1978). A local government cannot be held liable for the acts of its employees under the theory of respondeat superior. *Bd. Of County Comm'rs of Bryan County Okla. v. Brown*, 520 U.S. 397, 403 (1997). Simply because a municipality employs a wrong-doing official does not create liability on behalf of the municipality.

Liberally construing the factual allegations of Plaintiff's Complaint and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has alleged sufficient facts to set forth a claim for relief in both Counts I and II. Plaintiff has also set forth subject matter jurisdiction.

In Count III, Plaintiff asserts that the City of Mesa is responsible for the "unlawful seizure" of his vehicle through the actions of Officers Nelson, Doe and Lowenhagen under the legal theory of respondeat superior (Doc. 1 at 8). However, as set forth above, the Supreme Court has held that a municipality cannot be held liable for the acts or omissions of its employees under the theory of respondeat superior. The City of Mesa cannot be held liable under the theory of respondeat superior for the actions of Officers Nielson, Doe, and Lowenhagen even when the officers are acting in the course and scope of their employment. As a matter of law, Plaintiff has failed to state a cause of action in Count III. No additional allegations of fact can cure this deficiency. Therefore, leave to amend Count III would be futile. *See Amerisource Bergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."). The Court will recommend dismissal of Count III.

### D. WARNINGS

#### 1. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### 2. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### 3. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

### II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** granting Plaintiff's Application for Deferral or Waiver of Court Fees or Costs and Consent to Entry of Judgment (Doc. 3).

**IT IS RECOMMENDED** that the Court dismiss Count III of Plaintiff's Complaint without leave to amend.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which

to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

**IT IS FURTHER ORDERED** that Defendants must answer or otherwise respond to Counts I and II.

**IT IS FURTHER ORDERED:**

(1) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants City of Mesa, Nielson, and Lowenhagen.

(2) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within

90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(4) The United States Marshal must retain the Summons, a copy of the Complaint (Doc. 1), and a copy of this Order for future use.

(5) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this

Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)    personally serve copies of the Summons, Complaint (Doc. 1), and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)    within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint (Doc. 1), or this Order and for preparing new process receipt and return forms (USM- 285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(6) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(7)  Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(8) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 20th day of February, 2018.

_____
Eileen S. Willett
United States Magistrate Judge

- 7 -