1    WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9    John Charles Holmes,                    No. CV-17-03910-PHX-ESW

10              Plaintiff,                    **ORDER**

11   v.

12   J. Nielson, et al.,

13              Defendants.

14

15

16          Pending before the Court is Plaintiff's Motion to Amend (Doc. 12). Plaintiff seeks

17   to amend the Complaint (Doc. 1) filed October 23, 2017. By Order issued February 21,

18   2018, the Court permitted Plaintiff to proceed in forma pauperis and screened Plaintiff's

19   Complaint pursuant to 25 U.S.C. § 1915(e) (2) (Doc. 11 at 5). The Court ordered

20   Defendants to answer Counts I and II (*Id.*). A Report and Recommendation is pending

21   before District Judge McNamee regarding the Magistrate Judge's recommendation to

22   dismiss with prejudice Count III (Doc. 11 at 5-6). Because Plaintiff has failed to comply

23   with LRCiv. 15.1(a), the Court will deny Plaintiff's Motion to Amend without prejudice.

24                            **I. DISCUSSION**

25          "A district court has discretion to adopt local rules . . . . Those rules have 'the

26   force of law.'" *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (citation omitted). Hence,

27   both the parties and the Court are bound by the local rules. LRCiv. 83.3(c) (1) ("Anyone

28   appearing before the court is bound by these Local Rules."); *Professional Programs*

*Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). A district court's departure from its local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]." *Id*. (internal quotation marks and citation omitted).

Local Rule 15.1(a) provides that:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, **which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added**. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a) (emphasis added).

Here, Plaintiff's proposed Amended Complaint (lodged at Doc. 13) does not indicate in what respect it differs from the Complaint (Doc. 1). Plaintiff has not bracketed or struck through the text to be deleted and has not underlined the text to be added. Plaintiff's proposed Amended Complaint (lodged at Doc. 13) therefore fails to comply with Local Rule 15.1(a), LRCiv. Plaintiff's failure to comply with Local Rule 15.1(a) hinders the Court's ability to compare the Complaint and Amended Complaint. Therefore, Plaintiff's Motion to Amend (Doc.12) will be denied without prejudice.[1] The proposed Amended Complaint (lodged at Doc. 13) shall be stricken. Plaintiff may refile a motion for leave to amend his Complaint and proposed Amended Complaint that complies with LRCiv. 15(a).

---

[1] *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996) ("Contrary to the defendants' assertions, Dominator's motion for leave to amend its complaint was properly treated as a nondispositive motion."); *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012) ("Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C.§ 636(b)(1).") (citation and internal quotation marks omitted).

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying without prejudice Plaintiff's Motion to Amend (Doc. 12).

**IT IS FURTHER ORDERED** striking the proposed Amended Complaint lodged at Doc. 13.

Dated this 14th day of March, 2018.

Honorable Eileen S. Willett
United States Magistrate Judge