WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Charles Holmes, | No. CV-17-03910-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| J. Nielson, et al., | |
| Defendants. | |

On February 21, 2018 Magistrate Judge Eileen S. Willett assessed and screened pro se Plaintiff John Charles Holmes' Application for Deferral or Waiver of Court Fees or Costs and Consent to Entry of Judgment ("Application") (Doc. 3) and his Complaint (Doc. 1). Judge Willett granted Plaintiff's Application, but in screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2), recommended dismissal of Count III without leave to amend. (Doc. 11). Thereafter, on March 6, 2018, Plaintiff sought to amend his complaint. (Doc. 12). Judge Willett denied Plaintiff's motion to amend without prejudice because Plaintiff failed to comply with LRCiv. 15.1(a). (Doc. 14). On March 26, 2018, Plaintiff renewed his request to amend his complaint, claiming his motion now complied "with all required rules." (Doc. 15). An election for district judge jurisdiction was then made, and by random draw the case was reassigned to this Court. No response

has been filed to the motion to amend and the time to do so has passed.

## I. Discussion

### A. Judge Willett's R&R – Dismissal of Count III

Judge Willett recommends dismissal of Count III in Plaintiff's Complaint, which seeks to impose liability on the City of Mesa through the actions of its employees under the legal theory of respondeat superior. (Doc. 11 at 4). As noted by the magistrate judge, however, a municipality cannot be liable for the acts or omission of its employees under the theory of respondeat superior, even when those employees are acting within the scope of their employment. Accordingly, Judge Willett found that Plaintiff had failed to state a viable cause of action in Count III and recommended its dismissal. (*Id.*) She also found that leave to amend would be futile because "[n]o additional allegations of fact can cure this deficiency." (*Id.*)

Judge Willett advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the District Court without further review." (Doc. 11 at 6). No objections have been filed and the time to do so has expired. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and adopt Judge Willett's recommendations. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

. . . .

**B. Plaintiff's Motion to Amend his Complaint**

Plaintiff again seeks to amend the Complaint (Doc. 1) that he filed on October 23, 2017. (Doc. 15). In bringing his motion, however, Plaintiff has again failed to comply with LRCiv. 15.1(a).

Local Rule of Civil Practice 15.1(a) requires that a party seeking to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion. So that the Court can compare and ascertain the changes the party is proposing, the rule also specifies that this proposed amended pleading "must indicate in what respect it differs from the pleading which it amends, **by bracketing or striking through the text to be deleted and underlying the text to be added.**" LRCiv 15.1(a) (emphasis added).

In violation of LR Civ. 7.1(b), Plaintiff has handwritten his Complaint as well as his Motion to Amend his Complaint. *See* LRCiv. 7.1(b) (requiring, among other things, that "[t]he body of all documents shall be **typed** double-spaced and shall not exceed 28 lines per page") (emphasis added). It is therefore understandable why Plaintiff is having difficulty complying with LRCiv. 15.1(a). Here again, Plaintiff's attempts to indicate what proposed changes he has made do not comply with the dictates of LRCiv. 15.1(a) and, perhaps more importantly, do not assist this Court in assessing the changes between the Complaint and the proposed Amended Complaint. For example, Plaintiff does not indicate his proposed additions by underlying the text to be added (as required by the rule), but instead generically describes (often illegibly) the proposed changes in the margins, sometimes with arrows pointing toward the text. (*See e.g.*, Doc. 15 at 1 ("ADDED 2 Defendants which were a part of the natural course of events"); 2 ("Provided a better explanation w/ references [illegible] event changed"), 6 ("ADDED THE CALL MADE DURING STOP"), 6 ("Easier to understand [illegible] Plaintiff's position to his vehicle [illegible] search"); 7 ("Added [illegible] information [illegible] actions directed [illegible] police, and [illegible] and names/owner * Also added attempt to revoke of police this claim, and all tickets related to the traffic stop were all dismissed"); 8

(ADDED SHORT DESCRIPT OF EACH [illegible] TO EVENT"). His indicated deletions are also often vague and unspecific because they do not clearly strike through the language that he proposes removing. Moreover, as with his proposed additions, he frequently describes his proposed deletions in generic terms. (*See id.* at 8 ("eliminated list type, just used conversational text for description, as easier, less paper"); 9 ("Removed respondent superior" and "changed unconstitutional to unreasonable")).

As Judge Willett explained in her order denying Plaintiff's first motion to amend (Doc. 14), "Plaintiff's failure to comply with Local Rule 15.1(a) hinders the Court's ability to compare the Complaint and Amended Complaint." (Doc. 14). Plaintiff's noncompliance again prevents this Court from conducting a meaningful comparison. As a result, Plaintiff's Motion to Amend (Doc. 15) again will be denied without prejudice.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Willett's R&R (Doc. 11) is **accepted** and **adopted** as the order of this Court. Count III of Plaintiff's Complaint (Doc. 1) is dismissed with prejudice.

**IT IS FURTHER ORDERED denying** without prejudice Plaintiff's Motion to Amend (Doc. 15).

**IT IS FINALLY ORDERED** that all future filings, including any motion to amend, must be filed in compliance with all Local and Federal Rules, including, but not limited to LRCiv. 7.1(b), which requires, among other things, that the "body of all documents shall be **typed** double-spaced and shall not exceed 28 lines per page…"

**Dated** this 1st day of May, 2018.

Honorable Diane J. Humetewa
United States District Judge

- 4 -