NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Charles Holmes, | No. CV-17-03910-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| J. Nielson, et al., | |
| Defendants. | |

Before this Court are *pro se* Plaintiff John Charles Holmes's ("Plaintiff") two Motions to Amend Complaint (Docs. 22, 30). Defendants have filed a Response to each Motion (Docs. 27, 32) and Plaintiff has filed a Reply in support of each Motion (Docs. 29, 34).

## I. BACKGROUND

In Magistrate Judge Willett's February 21, 2018 Report and Recommendation and Order, she assessed Plaintiff's Application for Deferral or Waiver of Court Fees or Costs and Consent to Entry of Judgment ("Application") (Doc. 3) and his Complaint (Doc. 1). Judge Willett granted Plaintiff's Application, but in screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2), recommended dismissal of Count III without leave to amend. (Doc. 11). Subsequently, on March 6, 2018, Plaintiff sought to amend his complaint. (Doc. 12). Judge Willett denied Plaintiff's Motion to Amend without prejudice because Plaintiff failed to comply with Local Rule of Civil Procedure ("Local Rule") 15.1(a). (Doc. 14). Judge Willett instructed Plaintiff that his "failure to comply with Local Rule

15.1(a) hinders the Court's ability to compare the Complaint and the Amended Complaint." (*Id.* at 2). On March 26, 2018, Plaintiff renewed his request to amend his complaint, claiming his motion now complied "with all required rules." (Doc. 15). An election for district judge jurisdiction was then made, and by random draw the case was reassigned to this Court.

Before the Court issued a ruling on Plaintiff's outstanding March 26, 2018 Motion to Amend, Plaintiff filed another Motion to Amend on April 26, 2018. (Doc. 22). On May 1, 2018, this Court agreed with Judge Willett's February 21, 2018 Report and Recommendation, which recommend dismissal of Count III of Plaintiff's Complaint without leave to amend, and therefore the Court adopted Judge Willett's recommendation. (Doc. 25). The Court's May 1, 2018 Order also addressed Plaintiff's March 26, 2018 Motion to Amend.[1] The Court determined that Plaintiff's March 26, 2018 Motion to Amend (Doc. 15) once again failed to comply with Local Rules 15.1(a) and 7.1(b). (Doc. 25 at 3). Moreover, the Court found that, "Plaintiff's attempts to indicate what proposed changes he has made do not comply with the dictates of [Local Rule] 15.1(a) and, perhaps more importantly, do not assist this Court in assessing the changes between the Complaint and the proposed Amended Complaint." (*Id.*) Thus, the Court denied Plaintiff's March 26, 2018 Motion to Amend without prejudice.

Plaintiff's April 26, 2018 Motion to Amend (Doc. 22) and his Amended Complaint were handwritten (Doc. 23). Defendants' Response notes that Plaintiff once again failed to comply with local rules. (Doc. 27). On May 29, 2018, Plaintiff filed a Reply in Support of his April 26, 2018 Motion to Amend (Doc. 29), as well as another Motion to Amend (Doc. 30) and proposed Amended Complaint (28). Plaintiff's May 29, 2018 Motion to Amend (Doc. 30) and his proposed Amended Complaint (Doc. 28) were both typed. Defendants filed a Response to Plaintiff's May 29, 2018 Motion to Amend (Doc. 32) and Plaintiff filed a Reply (Doc. 34).

---

[1] The Court's May 1, 2018 Order did not address Plaintiff's April 26, 2018 Motion to Amend (Doc. 22).

## II.    DISCUSSION

### A.    Plaintiff's April 26, 2018 Motion to Amend

"A district court has discretion to adopt local rules….Those rules have 'the force of law.'"  *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted).  Thus, all parties and the Court are bound by the local rules.  LRCiv. 83.3(c) (1) ("Anyone appearing before the court is bound by these Local Rules.");  *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994).  A district court's departure from its local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]."  *Id.* (internal quotation marks and citation omitted).

Local Rule 7.1(b) requires "All pleadings and other papers . . . shall be typed double-spaced and shall not exceed 28 lines per page…."  In violation of Local Rule 7.1(b), Plaintiff handwrote his April 26, 2018 Motion to Amend and his proposed Amended Complaint.  (*See* Docs. 22, 23).  The Court has previously warned Plaintiff multiple times that he needs to comply with Local Rules, and specifically warned Plaintiff that all filings need to be typed in compliance with Local Rule 7.1(b).  (Doc. 25).  Plaintiff's April 26, 2018 Motion to Amend and proposed Amended Complaint were handwritten and often illegible; therefore, Plaintiff's April 26, 2018 Motion to Amend is not in compliance with Local Rule 7.1(b).  Plaintiff's noncompliance prevented the Court from conducting a meaningful comparison of the Complaint and proposed Amended Complaint.  Thus, Plaintiff's April 26, 2018 Motion to Amend (Doc. 22) will be denied without prejudice.

### B.    Plaintiff's May 29, 2018 Motion to Amend

Local Rule 15.1(a) requires that a party seeking to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion so that the Court can compare and ascertain the changes the party is proposing.  The rule also specifies that this proposed amended pleading "must indicate in what respect it differs from the pleading which it amends, *by bracketing or striking through the text to be deleted and underlying the text to be added*."  LRCiv. 15.1(a) (emphasis added).

While Plaintiff did type his May 29, 2018 Motion to Amend and proposed Amended Complaint, Plaintiff handwrote his original Complaint in violation of Local Rule 7.1(b). It is therefore understandable that Plaintiff is having difficulty complying with Local Rule 15.1(a). Here, Plaintiff's attempts to indicate what proposed changes he has made do not comply with the dictates of Local Rule 15.1(a) and therefore, the Court is unable to conduct a meaningful comparison of the Complaint and proposed Amended Complaint. Plaintiff does indicate some changes by bolding and occasionally underlining additions and striking through deletions; however, Plaintiff fails to be consistent and does not indicate all additions or deletions. (*Compare* Doc. 28, *with* Doc. 1). For example, the section of Plaintiff's Complaint where he lists his injuries and damages he claims are caused by Defendants is different than that same section in his proposed Amended Complaint, yet there is no underlining, bolding, or strike throughs that would indicate a change in the section. (*Compare* Doc. 1 at 5-6, *with* Doc. 28 at 9-12). Additionally, Plaintiff's Complaint contained numbered paragraphs and his proposed Amended Complaint does not, which makes it difficult for the Court to compare the two filings. The Court notes that Plaintiff filed this May 29, 2018 Motion to Amend before the Court issued a ruling on Plaintiff's April 26, 2018 Motion to Amend, which may have added to Plaintiff's confusion about what text he was adding or deleting in this proposed Amended Complaint.

As Judge Willett explained in her Order denying Plaintiff's March 6, 2018 Motion to Amend (Doc. 14) and this Court stated in its Order denying Plaintiff's March 26, 2018 Motion to Amend (Doc. 25), "Plaintiff's failure to comply with Local Rule 15.1(a) hinders the Court's ability to compare the Complaint and Amended Complaint." Here, Plaintiff's noncompliance again prevents this Court from conducting a meaningful comparison. As a result, Plaintiff's May 29, 2018 Motion to Amend (Doc. 28) will be denied without prejudice.

**C.     Leave to Amend**

In this Order the Court has denied both of Plaintiff's outstanding Motions to Amend without prejudice for failure to comply with the Local Rules. Under Rule 15(a), leave to

amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Furthermore, the Court "has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff clearly is attempting to comply with the Local Rules; however, Plaintiff has already filed four Motions to Amend and the Court has found each one in violation of the Local Rules and instructed Plaintiff that his noncompliance prevents the Court from conducting a meaningful comparison. Given this specific guidance and Plaintiff's four prior Motions to Amend, the Court is not inclined to grant Plaintiff leave to file a sixth amended complaint if the fifth amended complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is encouraged to consult the resources for self-represented litigants available on the Court's website at http://www.azd.uscourts.gov/proceeding-without-attorney. Of note, the Court provides a Handbook for Self-Represented Litigants (http://www.azd.uscourts.gov/handbook-selfrepresented-litigants), as well as forms for scheduling an appointment with a volunteer lawyer at the Federal Court Self-Service

Center (http://www.azd.uscourts.gov/federalcourt-self-service-clinic-phoenix).

III.   **CONCLUSION**

The Court will again deny Plaintiff's Motions to Amend for failure to comply with the local rules.  Therefore, the operative Complaint is still Plaintiff's initial Complaint (Doc. 1) with Count III dismissed pursuant to this Court's May 2, 2018 Order.  (Doc. 25).

Accordingly,

**IT IS ORDERED** that Plaintiff's April 26, 2018 Motion to Amend (Doc. 22) is **DENIED** without prejudice;

**IT IS FURTHER ORDERED** that Plaintiff's May 29, 2018 Motion to Amend (Doc. 30) is **DENIED** without prejudice; and

**IT IS FINALLY ORDERED** that all future filings, including any motion to amend, must be filed in compliance with all Local and Federal Rules, including, but not limited to Local Rules 15.1(a) and 7.1(b).

Dated this 28th day of January, 2019.

Honorable Diane J. Humetewa
United States District Judge